UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS L. FRAZIER,

    Petitioner,

vs.

DERRAL G. ADAMS, Warden,

    Respondent.

No. C 09-1009 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at Corcoran State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in San Mateo County, which is in this district. *See* 28 U.S.C. § 2241(d).

**DISCUSSION**

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.

foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

Petitioner was convicted of numerous counts of lewd acts with a child under the age of fourteen, including oral copulation, sodomy, and digital penetration, *see* Cal. Penal Code § 288 (a); sodomy of a child under the age of fourteen by force, duress, menace, or fear, *see id.* at § 269 (a); and attempted lewd act with a child under the age of fourteen, *see id.* at §§ 664, 288 (a). He was sentenced to serve a total of 225 years to life in prison for the violations of section 269 (a), and his sentences on the other counts were ordered to run concurrently with the 225-year sentence.

As grounds for federal habeas relief, petitioner asserts that: (1) Admission of his confession was in violation of *Miranda v. Arizona*, 384 U.S. 436, 473-74 (1966); (2) his counsel was ineffective in failing to object to admission of damaging evidence; (3) his sentence of 225 years to life is cruel and unusual; and (4) the sentencing court's imposition of consecutive sentences on counts one through seventeen violated his right to trial by jury under *Cunningham v. California*, 127 S. Ct. 856, 871 (2007).

The claims are sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

1  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
2  granted. Respondent shall file with the answer and serve on petitioner a copy of all
3  portions of the state trial record that have been transcribed previously and that are relevant
4  to a determination of the issues presented by the petition.

5    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
6  the court and serving it on respondent within thirty days of his receipt of the answer.

7    3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
8  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
9  Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court
10 and serve on respondent an opposition or statement of non-opposition within thirty days of
11 receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
12 within fifteen days of receipt of any opposition.

13   4. Petitioner is reminded that all communications with the court must be served on
14 respondent by mailing a true copy of the document to respondent's counsel. Petitioner
15 must keep the court informed of any change of address and must comply with the court's
16 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
17 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v.*
18 *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

19 **IT IS SO ORDERED.**
20 Dated: March 11, 2009.

                                                    PHYLLIS J. HAMILTON
                                                    United States District Judge

28 G:\PRO-SE\PJH\HC.09\FRAZIER1009.OSC.wpd

3